

FILED
5/7/2021
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LEWIS ROSS BROWN, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 1:21-cv-00901 (UNA) |
| ) | |
| FRANK T. FARRUGGIA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This matter is before the court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis* ("IFP"). The court will grant the IFP application and dismiss the case for lack of subject matter jurisdiction and failure to state a claim.

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. "For jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant." *Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)). A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff, a resident of Dale City, Virginia, sues six individual defendants, all of whom reside in Maryland, North Carolina, or Virginia, and all of whom appear to be perhaps affiliated with the United States Environmental Protection Agency ("EPA"). Plaintiff broadly alleges that,

"over the last few years" defendants have intentionally slandered and defamed his character causing him "mental anguish, harassment, contributing to the [his] health issues . . . which [have] spilled over from work into [his] home life." He goes on to allege that defendants "maliciously inflicted" damages "with careless and racial hatred coupled with prejudice." He seeks money damages.

It is a "well-established rule" that the diverse citizenship requirement be "assessed at the time the suit is filed." *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991). The complaint provides no basis for diversity jurisdiction because plaintiff and some of the defendants are located in Virginia, thus defeating complete diversity. *See Morton v. Claytor*, 946 F.2d 1565 (D.C. Cir. 1991) (Table) ("Complete diversity of citizenship is required in order for jurisdiction to lie under 28 U.S.C. § 1332."); *Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) ("For jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant.").

Plaintiff has also failed to state a federal question. It seems that he may attempt to rely on the Federal Tort Claims Act ("FTCA"), but there is no indication in what capacity he intends to sue these defendants, what role the defendants have, if any, with the EPA, or what constituted their alleged wrongdoing. Furthermore, the "United States of America is the only proper defendant in a suit under the FTCA[,]" *Chandler v. Fed. Bureau of Prisons*, 226 F. Supp. 3d 1, 6 n.3 (D.D.C. 2016); *see also Coulibaly v. Kerry*, 213 F. Supp. 3d 93, 125 (D.D.C. 2016) ("[A] plaintiff may not bring tort claims against federal officials in their official capacities or against federal agencies; the proper defendant is the United States itself[.]"); 28 U.S.C. § 2679(a), and plaintiff has not sued the United States. And notably, "[c]laims that fall under one of the exceptions to the FTCA must be dismissed for lack of subject matter jurisdiction. . . Under one such exception, the FTCA exempts

from its waiver of sovereign immunity any claim 'arising out of' libel or slander." *Edmonds v. United States*, 436 F. Supp. 2d 28, 35 (D.D.C. 2006) (citing *Sloan v. Dep't of Housing and Urban Dev.*, 236 F.3d 756, 759 (D.C. Cir. 2001) and 28 U.S.C. §§ 1346(b), 2680(h)).  Thus, as pled, there can be no FTCA jurisdiction,[1] and plaintiff's defamation claims are more appropriately sounded in state tort law.

To the extent that plaintiff has attempted to allege discrimination, he has failed to state a claim.  Plaintiff broadly references, in passing, "racial hatred" and "prejudice," but has proposed no actual facts supporting any alleged discrimination.[2]  *See Ashcroft v. Iqbal*, 556 U.S. 662, 682 (2009) ("bare assertions" of "constitutional discrimination claim" are "not entitled to be assumed true").  Plaintiff cannot "merely invoke his race in the course of a claim's narrative and automatically be entitled to pursue relief." *Bray v. RHT, Inc.*, 748 F. Supp. 3, 5 (D.D.C. 1990).  "Events may not have unfolded as Plaintiff wished, but his dissatisfaction . . . [does] not form a basis" of a claim to violation of a fundamental right. *See Melton v. District of Columbia*, 85 F. Supp. 3d 183, 193 (D.D.C. 2015).

---

[1]   Also, FTCA claims "may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred."  28 U.S.C. § 1402(b).  Here, there is no indication that any acts or omissions occurred in the District and plaintiff lives in Virginia.

[2]   Title VII provides that a civil action may be brought:

> in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e–5(f)(3); *see also Hayes v. RCA Serv. Co.,* 546 F. Supp. 661, 665 (D.D.C. 1982) (applying this venue framework to claims concomitantly brought pursuant to 42 U.S.C. § 1981).  There is no indication in the complaint that venue is proper in this District for any intended employment discrimination claims.

Finally, and alternatively, the court notes that the intended claims have no apparent connection to the District of Columbia. Venue in a civil action is proper only in (1) the district where any defendant resides, if all defendants reside in the same state in which the district is located, (2) in a district in which a substantial part of the events or omissions giving rise to the claim occurred (or a substantial part of the property that is the subject of the action is situated), or (3) in a district in which any defendant may be found, if there is no district in which the action may otherwise be brought. *See* 28 U.S.C. § 1391(b); *see also* 28 U.S.C. § 1406(a). Courts in this jurisdiction must examine jurisdiction and venue carefully to guard against the danger that a plaintiff might manufacture venue in the District of Columbia. *See Cameron v. Thornburgh*, 983 F.2d 253, 256 (D.C. Cir. 1993). By implicating federal government agency or official, a plaintiff could attempt to bring a suit in the District of Columbia that should properly be pursued elsewhere. *See id.* In fact, plaintiff himself indicates that this "suit has nothing to do with the US Environmental Protection Agency Headquarters in Washington, DC." Similarly, the ability of this court to exercise personal jurisdiction over the named defendants is entirely unclear. *See* Fed. R. Civ. P. 12(b)(2); *International Shoe Co. v Washington*, 326 U.S. 310 (1945).

For all of these reasons, plaintiff has thus failed to establish subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3), and has failed to state a claim, *see* 28 U.S.C. § 1915(e)(2)(B)(ii). As a result, this case is dismissed without prejudice. A separate order accompanies this memorandum opinion.

Date: May 7, 2021

_____/s/_____
TIMOTHY J. KELLY
United States District Judge